PENACHIO MALARA, LLP
245 Main Street, Suite 450
White Plains, New York 10601
(914) 946-2889
Anne Penachio, Esq.

**HEARING DATE & TIME:**
**DECEMBER 2, 2026 AT 11:00 AM**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

In re:

LEO CHULIYA LTD

d/b/a Fantasy Cuisine Co.,

Post Confirmation Debtor.

Chapter 11
Case No.: 24-bk-22563

Sub Chapter V

------------------------------------------------------------- x

BIN WANG, YAN QIU ZHANG, and
TROY LAW, PLLC,

Plaintiffs,

v.

Adv. Pro. No. 24-07023

LEO CHULIYA LTD d/b/a
Fantasy Cuisine Co.,

Defendant.

------------------------------------------------------------- x

In re:

CHIA-HUNG CHU a/k/a Austin Chu
a/k/a Chiahung Chu a/k/a Chia Hung Chu,

Post Confirmation Debtor.

Chapter 11
Case No.: 24-bk-22574

Sub Chapter V

------------------------------------------------------------- x

BIN WANG, YAN QIU ZHANG, and
TROY LAW, PLLC,

Plaintiffs,

v.

Adv. Pro. No. 24-ap-07024

CHIA-HUNG CHU a/k/a Austin Chu
a/k/a Chiahung Chu a/k/a Chia Hung Chu,

Defendant.

------------------------------------------------------------- x

**NOTICE OF HEARING THE DEBTOR'S APPLICATION IN SUPPORT OF AN ORDER (I) APPROVING THE STIPULATION LIQUIDATING CLAIMS AND RESOLVING DISCHARGEABILITY AND RELATED MATTERS**

**PLEASE TAKE NOTICE THAT** a hearing on the application approving the Stipulation and Order (the "Stipulation") by and between the Debtors and **BIN WANG**, **YAN QIU ZHANG** and **TROY LAW, PLLC** liquidating claims and resolving dischargeability and granting such other and further relief as may be proper by their attorney, **PENACHIO MALARA LLP** will be heard before the Honorable Shireen A. Barday, United States Bankruptcy Judge, in her Courtroom at the U.S. Bankruptcy Court, One Bowling Green, New York, NY 10004 on December 2, 2026 at 11:00 AM.

**PLEASE TAKE FURTHER NOTICE** that the hearing may be conducted remotely via Zoom for Government. Please contact the undersigned at anne@pmlawllp.com or refer to the Bankruptcy Court's website www.nysb.uscourts.gov for further information.

**PLEASE TAKE FURTHER NOTICE** that if you wish to appear at the hearing, you will be required to register your appearance in advance with the Court at its website https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, must comply with applicable law and be served upon the undersigned with a copy to the Bankruptcy Judge's Chambers at least seven (7) days prior to the hearing date. In the event that no objections are interposed, the Order may be entered.

Dated: White Plains, NY
November 13, 2026

**PENACHIO MALARA LLP**

By: /s/ Anne Penachio
Anne Penachio, Esq.
Counsel for the Reorganized Debtors
245 Main Street, Suite 450
White Plains, NY 10601
(914) 946-2889

PENACHIO MALARA, LLP
245 Main Street, Suite 450
White Plains, New York 10601
(914) 946-2889

**HEARING DATE & TIME:**
**DECEMBER 2, 2026 AT 11:00 AM**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

In re:

LEO CHULIYA LTD

d/b/a Fantasy Cuisine Co.,

Post Confirmation Debtor.

Chapter 11
Case No.: 24-bk-22563

Sub Chapter V

-------------------------------------------------------------- x

BIN WANG, YAN QIU ZHANG, and
TROY LAW, PLLC,

Plaintiffs,

v.

LEO CHULIYA LTD d/b/a
Fantasy Cuisine Co.,

Defendant.

Adv. Pro. No. 24-07023

-------------------------------------------------------------- x

In re:

CHIA-HUNG CHU a/k/a Austin Chu
a/k/a Chiahung Chu a/k/a Chia Hung Chu,

Post Confirmation Debtor.

Chapter 11
Case No.: 24-bk-22574

Sub Chapter V

-------------------------------------------------------------- x

BIN WANG, YAN QIU ZHANG, and
TROY LAW, PLLC,

Plaintiffs,

v.

CHIA-HUNG CHU a/k/a Austin Chu
a/k/a Chiahung Chu a/k/a Chia Hung Chu,

Defendant.

Adv. Pro. No. 24-ap-07024

-------------------------------------------------------------- x

**THE DEBTOR'S APPLICATION IN SUPPORT OF AN ORDER (I) APPROVING THE STIPULATION LIQUIDATING CLAIMS AND RESOLVING DISCHARGEABILITY AND RELATED MATTERS**

**TO: THE HONORABLE SHIREEN A. BARDAY, UNITED STATES BANKRUPTCY JUDGE:**

The application of **LEO CHULIYA, LTD. d/b/a FANTASY CUISINE** ("Fantasy") and **CHIA-HUNG CHU** ("Chu"), the above-captioned debtors (the "Post-Confirmation Debtors"), by their attorney, **PENACHIO MALARA LLP**, for the entry of an order (i) approving the Stipulation and Order (the "Stipulation") by and between the Debtors and **BIN WANG** ("Wang")**, YAN QIU ZHANG**("Zhang") and **TROY LAW PLLC** ("Troy Law Firm") a copy of which is annexed hereto as Exhibit A liquidating claims and resolving dischargeability pursuant to Rule 9019(c) of the Federal Rules of Bankruptcy Procedure, respectfully represents as follows:

## BACKGROUND

1. On June 24, 2024, Fantasy filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code") with the Clerk of this Court and the case was referred to the Bankruptcy Judge herein.

2. On June 27, 2024, Chu filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the Clerk of this Court and the case was referred to the Bankruptcy Judge herein.

3. No official committee of unsecured creditors has been formed. Nat Wasserstein serves as SubChapter V Trustee.

4. Pre-petition, Wang and Zhang, former employees of Fantasy and Chu, commenced an action against the Debtors in the United States District Court for the Southern District of New York entitled *Wang et al v. Leo Chuliya Ltd. et al*, No. 20-cv-10395 (JLR), (S.D.N.Y.) ("*Wang I*") alleging various breaches of labor laws.

5. Pre-petition, Wang commenced an action against Fantasy (See Docket Doc. No. 28, Amended Complaint), entitled *Wang v. Leo Chuliya, Ltd et al.* Index No. 23-2463 in the United States District Court for the Southern District of New York ("*Wang II*").

6. Wang filed claim numbered 1 against Chu and claim numbered 2 against Fantasy based upon amounts alleged due to him under the *Wang I* and/or *Wang II* cases.

7. Zhang filed claim numbered 2 against Chu and claim numbered 3 against Fantasy based upon amounts alleged due to her under the *Wang I* case.

8. Troy Law Firm filed claim numbered 4 against Chu and claim numbered 7 against Fantasy representing legal fees for representation of Wang and Zhang to which it asserts that it is entitled to under applicable law.

9. The Troy Law Firm, on behalf of itself, Wang and Zhang, commenced an adversary against both Chu and Fantasy seeking, *inter alia*, to deny the dischargeabiity of their debts under 11 U.S.C § 523(a)(6) as causing "willful and malicious injury" (together, the "Adversary Proceedings").

10. Fantasy's Chapter 11 Small Business Chapter 11 Subchapter V plan was confirmed by the Court by order dated August 19, 2026 (Dkt. No. 144 ) (The "Fantasy Plan").

11. Chu's Chapter 11 Small Business Sub Chapter V plan was confirmed by the Court by order dated August 19, 2026 (Dkt. No. 143 ) (The "Chu Plan"). (The "Chu

Plan" and the "Fantasy Plan" are together referred to herein as the "Plans").

12. The duration of each of the Plans is 60 months. The aggregate monthly payments under the Plans is $3,500.00.

13. The Post Confirmation Debtors have in good faith projected that payments to the Claimants under the Plans will aggregate approximately $146,000.00 (or 60 x $3,500.00 less legal fees awarded by the Court and other projected claims) which will be divided among them on a *pro rata* basis.

14. Shortly before the trial on the merits of the Adversary Proceedings, Chu and Fantasy, on the one hand, and Wang, Zhang, and the Troy Law Firm, on the other hand, began to engage in serious discussions to resolve their disputes.

**THE SETTLEMENT**

15. The Settlement essentially provides as follow:

a. The Troy Law Firm will receive $73,000.00 from the Debtors in the aggregate with the payments first being made under the Plans.

b. Wang will receive $17,000.00 from the Debtor's in the aggregate with the payments first being made under the Plans; and

c. Zhang will receive $86,000.00 from the Debtor's in the aggregate with the payments first being made under the Plans

16. Following the consummation of the Plans, the amount remaining due to Wang, Zhang and the Troy Law Firm as set forth in paragraph 12 hereof, shall be deemed non-dischargeable (the "Non-Dischargeable Claims").

17. The Debtor shall satisfy the Non-Dischargeable Claims in installments

of $3,500.00 in the aggregate until paid (which the Debtor estimates will be over 10 months).

18. Once paid, Wang, Zhang and the Troy Law Firm shall issue a satisfaction in favor of the Debtor.

**THE SETTLEMENT SHOULD BE APPROVED**

19. Pursuant to Bankruptcy Rule 9019, as set forth below, the Debtor submits that the Settlement should be authorized and approved because the resolution contained therein is in the best interests of the estates and creditors, represents the sound business judgment of the Debtors, and is fair and reasonable under the circumstances.

20. Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice of hearing, the court may approve a compromise or settlement.@ Fed. R. Bank. P.9019(a). Bankruptcy Rule 9019 empowers bankruptcy courts to approve settlements Aif they are in the best interest of the estate." *Vaughn v Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.,* 134 B.R. 499, 505 (Bankr.S.D.N.Y. 1991). In fact settlements and compromises are Aa normal part of the process of reorganization." *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414, 424 (1968) (quoting *Case v. Los Angelese Lumber Prods. Co.,* 308 U.S. 106, 130(1939).

21. In determining whether to approve a proposed settlement pursuant to Bankruptcy Rule 9019(a), a court must find that the proposed settlement is fair, reasonable and in the best interest of the Debtor's estate. *TMT Trailer Ferry*, 390 U.S. at 424*; In re Ionosphere Clubs, Inc.,* 156 BR. 414, 426 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2nd Cir. 1994). A decision to approve a particular compromise or settlement is within the sound discretion of the bankruptcy court. *Drexel Burnham*, 134 B.R. at 505. In exercising its discretion, the bankruptcy court must

make an independent determination that the settlement is fair and reasonable. *Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994)(a court may consider the opinions of the trustee or debtor in possession that a settlement is fair and reasonable). In addition, a bankruptcy court may exercise its discretion "in light of the general public policy favoring settlements." *In re Hibbard Brown & Co.,* B.R. 31(Bankr.S.D.N.Y.1998); see also Shugrue, 165 B.R. at 123 (Athe general rule [is] that settlements are favored and, in fact encouraged by the approval process outlined above).

22. The elements that a court should evaluate in considering whether a proposed settlements falls within the "range of reasonableness" are well settled: (a) the probability of success in litigation; (b) the difficulty in collecting after obtaining a judgment in the litigation; ( c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the interest of creditors and a proper defense to their reasonable views of the settlement and (e) the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion. See, e.g., *TMT Trailer Ferry*, 190 U.S. at 424; *In re W.T. Grant Co*., 699 F.2d 599 (2nd Cir. 1983*);* *Ionosphere Clubs*, 156 B.R. at 426-27.

23. Approval of a settlement under Bankruptcy Rule 9019(a) is appropriate when the settlement is fair and equitable and is in the best interests of a debtor's estate. See e.g., *TMT Trailer Ferry*, 390 U.S. at 424*;* *Adelphia*, 327 B.R. at 159 (citations omitted) ("The Settlement need not to be the best that the debtor could have obtained. Rather, the settlement must fall within the reasonable range of litigation possibilities").

24. In the instant case, the Settlement is fair and equitable and falls within the range of reasonableness.

25. Wang, Zhang and the Troy Law Firm will receive the reasonable

equivalent of what they are due over time. This will enable Fantasy to continue to operate and generate a salary for Chu. Fantasy will continue to employ its 14 staff members.

26. Based upon the foregoing, the Settlement makes sense and will inure to the benefit of the parties in that it resolves long standing litigation between the Debtors and Wang, Zhang and Troy Law Firm and avoids further costs.

**NOTICE AND WAIVER OF MEMO OF LAW**

27. Notice of this application will have been provided to all creditors, the US Trustee, and the Sub V Trustee and its counsel.

28. The Debtor respectfully requests that the Court dispense with the requirement under Rule 9013-1 of the Local Rules of the Bankruptcy Court for the Southern District of New York, of filing a Memorandum of Law in connection with this Application, in that there are no novel or difficult legal issues presented in the motion and the Application includes citations to applicable authority.

**WHEREFORE**, the Debtor respectfully requests entry of an Order annexed hereto as Exhibit B approving and authorizing the Debtor to enter into the Settlement and for such other and further relief as the Court deems appropriate.

Dated: White Plains, New York
November 13, 2026

PENACHIO MALARA LLP

By: /s/ Anne Penachio
Anne Penachio
Counsel to Reorganized Debtor
245 Main Street, Suite 450
White Plains, NY 10601
(914) 946-2889