**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | |
|---|---|
| In re: LEO CHULIYA LTD<br>d/b/a Fantasy Cuisine Co.,<br>Post-Confirmation Debtor. | Index No. 24-bk-22563<br>Chapter 11, Subchapter V |
| BIN WANG,<br>YAN QIU ZHANG, and<br>TROY LAW, PLLC,<br>Plaintiffs,<br><br>v.<br><br>LEO CHULIYA LTD<br>d/b/a Fantasy Cuisine Co.,<br>Defendant. | Adv. Pro. No. 24-ap-07023 |
| In re: CHIA-HUNG CHU<br>a/k/a Austin Chu<br>a/k/a Chiahung Chu<br>a/k/a Chia Hung Chu,<br>Post-Confirmation Debtor. | Index No. 24-bk-22574<br>Chapter 11, Subchapter V |
| BIN WANG,<br>YAN QIU ZHANG, and<br>TROY LAW, PLLC,<br>Plaintiffs,<br><br>v.<br><br>CHIA-HUNG CHU<br>a/k/a Austin Chu<br>a/k/a Chiahung Chu<br>a/k/a Chia Hung Chu,<br>Defendant. | Adv. Pro. No. 24-ap-07024 |

---------------------------------------------------------------x

**STIPULATION LIQUIDATING CLAIMS AND RESOLVING DISCHARGEABILITY AND RELATED MATTER**

**WHEREAS,** Leo Chuliya Ltd. d/b/a Fantasy Cuisine ("Fantasy") is engaged in the operation of a casual, modern restaurant featuring regional Chinese, Sichuan and Taiwanese fare.

**WHEREAS,** Chia-Hung Chu a/k/a Austin Chu a/k/a Chiahung Chu a/k/a Chia Hung Chiu

("Chu") is Fantasy's principal.

**WHEREAS,** Fantasy filed a petition for relief under Chapter 11 of the United States Bankruptcy on June 24, 2024.

**WHEREAS,** Chiu filed a petition for relief under Chapter 11 of the United States Bankruptcy on June 27, 2024. Chu and Fantasy may be together referred to as the "Post-Confirmation Debtors."

**WHEREAS,** Fantasy and Chu each elected to be treated as small business debtors under Sub-Chapter V of the Bankruptcy Code.

**WHEREAS,** pre-petition, Bin Wang ("Wang") and Yan Qiu Zhang ("Zhang"), former employees of Fantasy and Chu (under the FLSA and NYLL), commenced an action against the Post-Confirmation Debtors in the United States District Court for the Southern District of New York entitled *Wang et al v. Leo Chuliya Ltd. et al*, No. 20-cv-10395 (JLR), (S.D.N.Y.) ("*Wang I*").

**WHEREAS,** pre-petition, Wang commenced an action in the United States District Court for the Southern District of New York against Fantasy (*see Wang II* Dkt. No. 28, Amended Complaint), entitled *Wang v. Leo Chuliya, Ltd*, No. 23-cv-02463 ("*Wang II*").

**WHEREAS,** Wang filed claim numbered 1 against Chu and claim numbered 2 against Fantasy based upon amounts alleged due to him under the *Wang I* and/or *Wang II* cases. The claims filed by Wang against Fantasy and Chu are together referred to herein as the "Wang Claims."

**WHEREAS,** Zhang filed claim numbered 2 against Chu and claim numbered 3 against Fantasy based upon amounts alleged due to her under the *Wang I.* The claims filed by Zhang against Fantasy and Chu are together referred to herein as the "Zhang Claims."

**WHEREAS,** the Troy Law Firm filed claim numbered 4 against Chu and claim numbered

7 against Fantasy representing legal fees for representation of Wang and Zhang to which it asserts that it is entitled to under applicable law. The claims filed by the Troy Law Firm against Fantasy and Chu are together referred to herein as the "Troy Claims."

**WHEREAS,** Fantasy's Chapter 11 Small Business Chapter 11 Subchapter V plan was confirmed by the Court by order dated August 19, 2026 (Dkt. No. 144 ) (The "Fantasy Plan").

**WHEREAS,** Chu's Chapter 11 Small Business Sub Chapter V plan was confirmed by the Court by order dated August 19, 2026 (Dkt. No. 143 ) (The "Chu Plan"). (The "Chu Plan" and the "Fantasy Plan" are together referred to herein as the "Plans").

**WHEREAS,** the duration of each of the Plans is 60 months.

**WHEREAS,** the Post-Confirmation Debtors have in good faith projected that payments to the Claimants under the Plans will aggregate approximately $146,000.00 which will divided among them on a *pro rata* basis.

**WHEREAS,** the Troy Law Firm, on behalf of itself, Wang and Zhang, commenced adversary proceedings against both Chu and Fantasy seeking, *inter alia*, to deny the dischargeabiity of their debts under 11 U.S.C. § 523(a)(6) as being caused by "willful and malicious injury" (together, the "Adversary Proceedings").

**WHEREAS,** Chu and Fantasy interposed answers to the Adversary Proceedings wherein they vehemently denied the allegations asserted in the respective complaints.

**WHEREAS,** in the context of the Adversary Proceedings, the parties conducted discovery and attended to various pre-trial matters under the supervision of the Court including the submission of Proposed Findings of Facts and Conclusions of Law.

**WHERAEAS,** shortly before the trial on the merits of the Adversary Proceedings, Chu and Fantasy, on the one hand, and Wang, Zhang, and the Troy Law Firm, on the other

hand, engaged in serious discussions to resolve their disputes.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1. The Wang Claims and the Zhang Claims are accepted by the Post Confirmation Debtors and will be treated as Allowed as that term is defined under the Plans.
2. The Troy Law Claims will be amended to reflect the amount of $73,000.00 which represents fees and expenses incurred in the representation of Wang and Zhang. The Troy Law Firm Claims as amended as provided herein will be accepted by the Debtor and treated as Allowed as that term is defined under the Plans.
3. The Claimants shall receive the sum of $181,000.00 in aggregate in distributions under the Plans which shall be apportioned as follows:
   A. Wang – $17,000.00;
   B. Zhang – $86,000.00; and
   C. The Troy Law Firm – $78,000.00.
4. To the extent that the Plans are insufficiently funded to meet the distribution Requirements set forth in paragraph 3 hereof, the difference between the distributions to Wang, Zhang and the Troy Law Firm under the Plans and the sums set forth in paragraph 3 shall be deemed non-dischargeable (the "Non-Dischargeable Claims"). For avoidance of doubt and by illustration only, if the Claimants collectively receive the aggregate of $146,000.00 under the Plans, the Non-Dischargeable Claims shall be $35,000.00 allocated in a manner consistent with paragraph 3 hereof.
5. The Debtors shall pay the Non-Dischargeable Claims in monthly installment of $3,500.00 in the aggregate which shall be allocated among the Claimants on a *pro rata* basis.

Payments by the Debtors be made directly to each of the Claimants and shall continue until each of the Claimants receives the amounts set forth in paragraph 3 hereof. The Post Confirmation Debtors have estimated in good faith that the payments of the Non-Dischargeable Claims will span approximately 10 months in duration.

6. Within 30 days of the receipt of the payments set forth in paragraph 3 hereof, the Claimants shall each execute a satisfaction of judgment in a recordable form acceptable to the Post Confirmation Debtors.
7. The Claimants and the Post Confirmation Debtors, through their respective counsel, shall cooperate to comply with any requirements that may be imposed by the United States District Courts in the *Wang I* and *Wang II* cases including the filing of status reports and the closing of the cases.
8. *Wang II* shall be dismissed with prejudice following the consummation of the Plan.
9. So long as the Debtors comply with the terms of the Plans, the Claimants will not oppose the entry of respective discharges upon completion of payments (approximately 60 months from the date hereof).
10. This Stipulation may be signed in counterpart with each counterpart having the same force and effect as an original.
11. Facsimile and electronic signatures shall have the same force and effect as original signatures.
12. This Stipulation is not binding unless and until approved by the Bankruptcy Court.
13. The Bankruptcy Court shall retain jurisdiction over this Stipulation.

**<<The remainder of this page intentionally left blank; signatures follow on following page.>>**

Dated: White Plains, NY
November 13, 2026

**PENACHIO MALARA LLP**

By: */s/ Anne Penachio*
Anne Penachio
245 Main Street
Suite 450
White Plains, NY 10601
(914) 946-2889
anne@pmlawllp.com
*Counsel for Leo Chuliya Ltd. and Chia-Hung Chu*

**TROY LAW, PLLC**

By: */s/ Aaron B. Schweitzer*
Aaron B. Schweitzer
41-25 Kissena Boulevard
Suite 110
Flushing, NY 11355
(718) 762-1324
troylaw@troypllc.com
*On its own behalf, and as Counsel for Bin Wang and Yan Qiu Zhang*